COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-396-CR
 
 
DAVID 
NATHAN WEBBER                                                     
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
              
FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------

Upon 
his plea of guilty, a jury convicted Appellant David Nathan Webber of felony 
theft.  Appellant pled true to the 
enhancement paragraphs, and the jury assessed his punishment at eighteen years' 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice.  The trial court sentenced 
him accordingly.  In four issues, 
Appellant complains about the parole law jury instruction.  Because we hold that the trial court did 
not err, we affirm the trial court's judgment.
The 
trial court instructed the jury, tracking article 37.07, section 4(c) of the 
Texas Code of Criminal Procedure.[2]  Although Appellant asked the trial court 
to omit specific portions of article 37.07, section 4(c), the trial court 
submitted the full instruction required by the statute.[3]
As 
Appellant points out, the prosecutor informed the jurors of the application of 
the parole law to Appellant by eliciting testimony about Appellant's parole 
status, the date of his prior conviction, and the amount of time he was 
sentenced to serve on the prior conviction in comparison to the time he actually 
served.  The testimony explained to 
the jury that although Appellant was sentenced to fifteen years, he served only 
eight years.  In its closing 
argument, the State summed up the application of the parole law by explaining 
how the parole board had applied the parole law to AppellantCA[H]e 
is given this huge chance by the Board of Pardon and Paroles@Cand by 
spelling out that Appellant served only eight years of a fifteen-year 
sentence.  Appellant does not 
complain on appeal that this argument is 
improper.

In his 
first issue, Appellant complains that the trial court abused its discretion by 
denying his motion for new trial based on the allegation that the parole law 
instruction was confusing.  In his 
fourth issue, Appellant complains that the trial court erred by submitting the 
full detailed jury instruction on the law of parole because it placed the 
existence of parole and good conduct time as applied to Appellant squarely 
within the jury's consideration.  
When addressing similar issues in the context of an article 37.07, 
section 4(a) instruction, the Texas Court of Criminal Appeals has 
explained,
The Texas Legislature 
enacted legislation that requires the trial judge to instruct the jury in the 
precise wording that the statute recites.  
Article 37.07, section 4(a) sets out, verbatim, the words that the trial 
judge is to use.  There are even 
quotation marks around the wording of the instruction.  That is at least some indication that 
the Legislature did not want any creative deviations from its chosen 
language.  The Legislature prefaced 
its instruction language with directions that Athe court shall charge 
the jury in writing as follows:  
...@  The use of the word Ashall@ generally indicates a 
mandatory duty.  There is no reason 
to think that the Legislature enacted merely a suggested parole law jury 
instruction, one that trial judges should cut and paste as they see 
fit.
 

Trial 
judges, then, are faced with a dilemma.  
If they do not give the statutorily mandated instruction, they violate 
the Legislature's law.  If they do 
give the instruction, defendants such as appellant and those similarly situated 
may claim that portions of the instruction might be misleading and inapplicable 
to them.  Trial judges may 
occasionally doubt the wisdom of a particular law, but they are not free to 
ignore explicit legislative directions unless those directives are clearly 
unconstitutional.  Therefore, 
because the trial judge in this case instructed the jury according to the 
legislative dictate expressed in article 37.07, section 4(a), he did not commit 
error.[4]
Based 
on the reasoning of the Texas Court of Criminal Appeals, we likewise hold that 
because the trial court in this case instructed the jury according to the 
legislative dictate expressed in article 37.07, section 4(c), the trial court 
did not commit error.  We overrule 
Appellant's first and fourth issues.
In his 
third issue, Appellant contends that the statute is vague, confusing, and 
misleading to the jury.  In the 
interest of justice, we construe this issue as complaining about a violation of 
due process or due course of law.  
In Luquis, the Court of Criminal Appeals addressed the appellant's 
contention that the jury instruction under subsection (a) was misleading and 
confusing:

Although it is 
theoretically possible that the jury could have been affirmatively misled in 
some unspecified way by the totality of the parole law instruction, appellant 
has not demonstrated a reasonable likelihood that it was, in fact, misled or 
that it assessed a higher sentence based upon any misconstruction of the parole 
law charge.  We therefore conclude 
that the parole law instruction, judged as a whole, was not misleading and 
certainly not so misleading as to convert appellant's trial into a fundamentally 
unfair proceeding which denied him due process.  Indeed, if the jury followed the judge's 
clear and explicit direction to not apply the general concepts of parole or 
Agood conduct 
time@ in assessing appellant's 
sentence, there was no error, confusion, or harm.  There is no showing that the jury did 
not follow the instruction in this case.  
Thus, appellant has failed to shoulder his burden to demonstrate that 
there is a reasonable likelihood that this jury unconstitutionally misapplied 
the concept of Agood conduct 
time@ to assess a higher 
sentence as a result of the instruction, thereby denying appellant due process 
or due course of law.[5]
 
Similarly, 
Appellant in this case has not demonstrated a reasonable likelihood that the 
jury misapplied the concepts of parole and good conduct time to assess a higher 
sentence than it would have otherwise assessed.  We therefore overrule Appellant's third 
issue.
In his 
second issue, Appellant contends that the jury engaged in misconduct by 
considering the parole law as it applied to Appellant.  Appellant speculates that because the 
jury returned an eighteen-year sentence, the jury must have considered the 
effect of parole law on Appellant.  
He also contends that a jury note stating, AViolation 
of parole, when will he have to start serving years for this crime?,@ is 
evidence that the jury was improperly considering the parole law as applied to 
Appellant.  We disagree.  The note clearly questions when 
Appellant will begin serving whatever sentence the jury decides to assess.  Because Appellant has failed to prove 
jury misconduct, we overrule his second issue.

We 
point out that although the jury instruction on parole law may be confusing to a 
jury, may encourage a jury to apply the parole law to a defendant, may be vague 
and misleading, and may place the existence of parole and good conduct time as 
applied to an appellant squarely within the jury's consideration, especially in 
light of jury arguments such as the one in this case, the legislature has 
mandated its inclusion in the jury charge on punishment.[6]  The instruction has been held to be 
proper by the Court of Criminal Appeals.[7]  Until the legislature sees fit to 
rewrite the statute governing the communication of the parole law to juries, it 
is the law of the state.  We will 
not invade the province of the legislature.
Having 
overruled Appellant's four issues, we affirm the trial court's 
judgment.
 
LEE ANN 
DAUPHINOT
JUSTICE
PANEL 
B:   CAYCE, C.J.; DAUPHINOT and 
WALKER, JJ.
CAYCE, 
C.J. concurs without opinion.
DO NOT 
PUBLISH
Tex. 
R. App. P. 47.2(b)
 
DELIVERED:  December 8, 
2005




[1]See Tex. R. App. P. 47.4.

[2]See Tex. Code Crim. Proc. Ann. art. 37.07, 
' 4(c) (Vernon Supp. 2005).

[3]See id.

[4]Luquis v. State, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002) (footnotes 
omitted).

[5]Id. at 368 
(footnote omitted).

[6]See Tex. Code Crim. Proc. Ann. art. 37.07, 
' 4(c).

[7]Luquis, 72 
S.W.3d at 363, 368.